Filed 4/25/22  P. v. Ahmadi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C094530 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE015760) |
| v. | |
| MOHAMED D. AHMADI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Mohamed D. Ahmadi has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2019, defendant told his wife he was going to kill her and then stabbed her in the stomach. The wife suffered damage to her liver and required emergency surgery. She was hospitalized for 16 days.

Defendant was charged with attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). With respect to both charges, it was further alleged defendant personally inflicted great bodily injury on the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)). With respect to the attempted murder charge, it was further alleged defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)).

In June 2019, defendant pleaded no contest to attempted murder and admitted the great bodily injury and personal use of a deadly weapon enhancements. Defendant agreed to a stipulated aggregate sentence of 15 years in state prison and waived his presentence credits. Pursuant to the agreement, the trial court sentenced defendant as follows: nine years for the attempted murder charge, one year for the weapon use enhancement, and five years for the great bodily injury enhancement. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). The remaining charges and allegations were dismissed.

Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

---

[1] Undesignated statutory references are to the Penal Code.

(*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　HOCH, Acting P. J.


We concur:


　/s/
RENNER, J.


　/s/
KRAUSE, J.